Walter H. Walker, III (SB #63117)
Clarissa E. Kearns (SB #244732)
Jeffrey S. Walker, (SB #333335)
**WALKER, HAMILTON & KEARNS LLP**
50 Francisco Street, Suite 460
San Francisco, CA 94133
Tel: (415) 986-3339
Fax: (415) 986-1618
E-Mail: jeff@whk-law.com; e-service@whk-law.com

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Liza Gold, individually and as successor in interest to Ari Gold,<br><br>Plaintiff,<br><br>v.<br><br>California Highway Patrol, Christopher Weaver, Kristi Cho, Owen Rogers, and DOES 1-15, inclusive,<br><br>Defendants. | Case No. 3:23-cv-03414-RFL<br><br>**PLAINTIFF'S MOTION IN LIMINE NO. 7:  TO EXCLUDE REMOTE EVENTS CONCERNING PLAINTIFF'S EXPERT WITNESS. MICHAEL FREEMAN, Med, Dr., Ph.D.**<br><br>**Trial Date:** May 19, 2025<br><br>**Time:** 8:30 a.m.<br><br>**Location:** 450 Golden Gate Ave., Courtroom 15, 18th Floor, San Francisco, California<br><br>**Judge:** Hon. Rita F. Lin |

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.    PRELIMINARY STATEMENT

It is anticipated that the defense may attempt to introduce irrelevant, collateral, prejudicial evidence concerning Plaintiff's expert witness, Dr. Michael D. Freeman, a doctor of medicine and epidemiologist.  Dr. Freeman is also originally trained as a chiropractic physician.  Dr. Freeman holds faculty positions at 2 medical schools in the United States and in European countries, is a Fellow of the Royal College of Pathologists and the Royal College of Physicians in the Faculty of

1 Forensic and Legal Medicine, as well as the American College of Epidemiology. Dr. Freeman is

2 also a former Fulbright fellow with the US Department of State.

3      The specific areas of testimony and/or presentation of evidence discussion below should be

4 excluded pursuant to Federal Rule of Evidence 403.

5 **II.    DISCUSSION**

6      Federal Rule of Evidence 403 gives the Court the discretion to exclude evidence if the

7 probative value is substantially outweighed by the probability that its admission will (a)

8 necessitate undue consumption of time or (b) create substantial danger of undue prejudice, of

9 confusing the issues, or of misleading the jury. See *Belk v. Charolette-Mecklenburg Bd. Of Educ,*

10 269 F.3d 305 (4th Cir. 2001).

11      Remoteness in time is a factor that weighs in favor of exclusion when balancing the

12 probative value of evidence against the risk of prejudice. *Olson v. American,* 30 Cal. App. 4th 816,

13 826 (1994) (eight year old letter warning decedent of cause of death was excluded). In the instant

14 case, there are two matters dating back 35 and 39 years, respectively, that can have no value

15 except as an attempt to impugn Dr. Freeman's character.

16         a.    1990 Litigation

17      In 1990, Dr. Freeman, as a practicing chiropractor, was sued by the State Accident

18 Insurance Fund in Oregon for allegedly using a diagnostic device that had been banned by the

19 FDA. In fact, Dr. Freeman had never possessed nor used such a device. The case was dismissed

20 with prejudice after the plaintiff moved for dismissal. Reference to any aspects of this litigation

21 would do no more than inject collateral allegations that were unfounded, dismissed decades ago

22 and have no bearing on the merits of Dr. Freeman's opinions in the present case.

23         b.    1986 Chiropractic School Incident

24      In 1986, Dr. Freeman was suspended from chiropractic school for one term. The school

25 did not make sufficient patients available to the interns in order for them to graduate on time and it

26 was Dr. Freeman's experience that often interns took credit for patients seen by other interns as a

27

28 **PLAINTIFF'S MOTION IN LIMINE NO. 7: TO EXCLUDE REMOTE EVENTS CONCERNING PLAINTIFF'S EXPERT WITNESS. MICHAEL FREEMAN, Med, Dr., Ph.D.**

means of completing clinic requirements. Dr. Freeman admittedly participated in this activity that he realized was a violation of school policy. It was only after Dr. Freeman complained about the school's failure to provide sufficient patients for the interns that he was suspended. Dr. Freeman was the valedictorian of his class and following the suspension was granted the doctor of chiropractic degree. As a result of what Dr. Freeman saw as an untenable situation for chiropractic interns, during the period of his suspension he helped establish a liaison between the chiropractic school and a homeless shelter medical clinic that is still in operation, allowing interns to complete their requirements without difficulty. Dr. Freeman is a past adjunct professor at the same school (University of Western States), as well as invited commencement speaker.

The suspension is quite remote (more than 35 years old), and irrelevant to Dr. Freeman's qualifications or opinions in this case. No documentation of the suspension is contained within any school records, and Dr. Freeman is unaware of the existence of any authentic documentation pertaining to the event.

### III.    CONCLUSION

Based on the aforementioned authorities and facts, it is respectfully requested that this Court grant this motion and order that no evidence be admitted nor argument be allowed regarding the 1990 litigation or 1986 chiropractic school suspension relating to Michael Freeman, Med.Dr., Ph.D.

DATED:  May 12, 2025                                    WALKER, HAMILTON & KEARNS, LLP


By: _____
        Walter H. Walker, III
        Jeffrey S. Walker
        Attorneys for plaintiff LIZA GOLD
        individually and as successor in
        interest to ARI GOLD

**PLAINTIFF'S MOTION IN LIMINE NO. 7:  TO EXCLUDE REMOTE EVENTS CONCERNING PLAINTIFF'S EXPERT WITNESS. MICHAEL FREEMAN, Med, Dr., Ph.D.**