UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LIZA GOLD,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>CALIFORNIA HIGHWAY PATROL, et al.,<br><br>　　　　Defendants. | Case No. 23-cv-03414-RFL<br><br>**ORDER DENYING REQUEST FOR LEAVE TO FILE RECONSIDERATION MOTION**<br><br>Re: Dkt. No. 161 |

　　　　On May 19, 2025, Plaintiff filed a request for leave to file a motion to reconsider portions of the summary judgment order (Dkt. No. 63) in light of the Supreme Court's recent decision in *Barnes v. Felix*, No. 23-1239, 2025 WL 1401083 (U.S. May 15, 2025). Specifically, Plaintiff argues that her Fourth Amendment claim against Officer Weaver and her Fourteenth Amendment claim against Officer Cho should be revived. For the reasons discussed below, Plaintiff's request is **DENIED.**

　　　　***Fourth Amendment claim against Officer Weaver***. The Supreme Court's opinion in *Barnes* applies the same standard as the summary judgment order did. The *Barnes* Court held that, in a Fourth Amendment excessive force case, "it is . . . the officer's choice in that moment that is under review." 2025 WL 1401083, at *4. At the same time, the Fourth Amendment "totality of the circumstances" inquiry into the use of force in that moment "has no time limit," as "earlier facts and circumstances may bear on how a reasonable officer would have understood and responded to later ones." *Id*. That is the same test the Ninth Circuit applied before *Barnes*, and the same test that was applied in the summary judgment order. As the summary judgment

1

order explains, pre-shooting events leading up to the confrontation in the bathroom can be pertinent to the question whether a reasonable officer would perceive Ari Gold's actions in the bathroom as a serious threat justifying the use of deadly force in that moment. (Dkt. No. 63 at 12.) In this case, the officers' allegedly flawed tactical decisions about when and how to enter the house have little bearing on how a reasonable officer in Officer Weaver's shoes would have responded to the sequence of events immediately preceding his opening fire—namely, hearing Officer Cho's escalating commands, seeing her back out of the bathroom, and hearing a shot shatter a mirror close to his head, all of which led to a reasonably mistaken belief that the suspect was firing shots from the bathroom. (Dkt. No. 63 at 10, 12); *see also Barnes*, 2025 WL 1401083, at *4 (explaining that though earlier circumstances may be considered, "the situation at the precise time of the shooting will often be what matters most."). In other words, because the undisputed facts establish that Officer Weaver had a reasonably mistaken belief that shots were being fired from the bathroom, his use of his firearm to defend against that danger was justified, even if his initial decision to enter the house had been unwise.[1]

Nor does the possibility that Officer Weaver's pre-shooting tactics contributed to the need for force alter the outcome, for the same reasons. While the *Barnes* opinion expressly declined to address whether the officer-created-danger doctrine factors into the reasonableness analysis, courts in the Ninth Circuit have considered this factor when evaluating a plaintiff's Fourth Amendment claim. *See Winkler v. City of Phoenix*, 849 F. App'x 664, 667 (9th Cir. 2021). Here, prior to the confrontation in the bathroom, the officers undisputedly had no indication that Ari Gold was armed; in fact, they did not even know with certainty that Gold was inside the house. (Dkt. No. 63 at 3.) Even if the officers' decision to proceed with clearing the house (as opposed to announcing their presence over a loudspeaker or waiting for backup, for

---

[1] Nor does the recent *Barnes* opinion change the analysis of the "clearly established" prong of the Fourth Amendment claim against Officer Weaver, as the inquiry is whether the law was clearly established at the time of challenged conduct in 2019. *Ashcroft v. al-Kidd*, 563 U.S. 731, 734 (2011).

example) was ill-advised and increased the likelihood of a dangerous encounter, no reasonable juror could find that this earlier tactical mistake would deprive Officer Weaver of the right to respond to protect himself and Officer Cho from what he reasonably believed to be unexpected deadly force.

*Fourteenth Amendment claim against Officer Cho*. *Barnes* did not address the standard under which a Fourteenth Amendment substantive due process claim should be analyzed, and therefore does not provide a basis for reconsideration of this claim.

**IT IS SO ORDERED.**

Dated: May 20, 2025

RITA F. LIN
United States District Judge